# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-862V
### Filed: February 3, 2015
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| RUSSELL BAKER, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Damages Decision Based on Proffer; Influenza (flu); Cause-in-fact; Shoulder Injury Related to Vaccine Administration; Special Processing Unit; Attorneys' Fees and Costs Decision Based on Proffer

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Paul Brazil, Esq., Muller Brazil, LLP, Philadelphia, PA, for petitioner.
Justine Walters, Esq., US Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES AND ATTORNEYS' FEES AND COSTS[1]

**Vowell**, Chief Special Master:

On September 17, 2014, Russell Baker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq., [the "Vaccine Act" or "Program"]. Petitioner alleged that he suffered a left shoulder injury as a result of the administration of an influenza (flu) vaccination on November 3, 2013. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 24, 2014, respondent filed her Rule 4(c) report ["Res. Report"], in which she conceded that petitioner is entitled to compensation in this case. Res. Report at 2. Specifically, respondent indicated that the temporal association between the administration of the vaccination and petitioner's shoulder pain is medically appropriate and there is no other identifiable alternate cause for petitioner's symptoms. *Id* at 3. Respondent indicated that cause-in-fact is supported by the record and that petitioner has satisfied all the prerequisites for compensation under the Vaccine Act. *Id.*

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

On December 29, 2014, I issued a ruling on entitlement, finding petitioner entitled to compensation.  On February 3, 2015, respondent filed a proffer on award of compensation ["Proffer"] detailing compensation in the amount of $80,000.00 for actual and projected pain and suffering. Proffer at 2.  Respondent averred that petitioner agreed to the amount set forth therein. [2]   *Id.*  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

The proffer also included an award of attorneys' fees and costs in the amount of $15,000.00 to which petitioner agreed.  *Id.*  In accordance with General Order #9, petitioner's counsel asserts that petitioner incurred no out-of-pocket litigation expenses.  *Id.*  The Vaccine Act permits an award of reasonable fees and costs. 42 U.S.C. § 300 aa-15(e).  I find the proposed total amount of $15,000.00 to be reasonable.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a payment of $95,000.00 as follows:**

a.  a lump sum payment of **$80,000.00** in the form of a check payable solely to petitioner, Russell Baker;

b.  a lump sum payment of **$15,000.00** in the form of a check payable jointly to petitioner, Russell Baker and petitioner's counsel, Paul Brazil.

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[2] The proffer indicates that the parties have agreed that no award should be made for future unreimbursable expenses, lost future earnings, or past unreimbursable expenses. Proffer at 2-3.  The proffer also indicates that there is no outstanding Medicaid lien against petitioner. Proffer at 3.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| RUSSELL BAKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No.  14-862V |
| v. | ) | Chief Special Master Vowell |
| | ) | ECF |
| SECRETARY OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.**     **Items of Compensation**

For the  purposes of this proffer, the term "vaccine-related" is as described in

Respondent's Rule 4(c) Report filed on December 24, 2014.

    **A.**     Future Unreimbursable Expenses

The parties agree that based upon the evidence of record, petitioner will not require future

care for his vaccine-related injury.  Therefore, respondent proffers that petitioner should be

awarded no future unreimbursable expenses under 42 U.S.C. § 300aa-15(a)(1).

Petitioner agrees.

    **B.**     Lost Future Earnings

The parties agree that based upon the evidence of record, petitioner was retired at the

time of vaccination.  Therefore, respondent proffers that petitioner should be awarded no

anticipated loss of earnings under 42 U.S.C. § 300aa-15(a)(3)(B).  Petitioner agrees.

C.      Pain and Suffering

Respondent proffers that petitioner should be awarded $80,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D.      Past Unreimbursable Expenses

Petitioner did not provide evidence that he incurred unreimbursable expenses related to his vaccine-related injury. Therefore, respondent proffers that petitioner should be awarded no past unreimbursable expenses. Petitioner agrees.

E.      Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens against him.

F.      Attorneys' Fees and Costs

Petitioner has supplied documentation of reasonable attorneys' fees and litigation costs in the amount of $15,000.00, incurred in pursuit of this petition. In compliance with General Order #9, petitioner has indicated that he did not incur any out-of-pocket expenses in proceeding on the petition. Respondent proffers that petitioner should be awarded $15,000.00 for attorneys' fees and costs. Petitioner agrees.

II.     **Form of the Award**

The parties recommend that compensation provided to petitioner should be made through lump sum payments as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

A.   A lump sum payment of $80,000.00, representing compensation for pain and suffering, in the form of a check payable to petitioner; and

B.   A lump sum payment of $15,000.00, in the form of a check payable to petitioner and petitioner's attorney, Paul Brazil, Esq., for attorney's fees and costs.  Petitioner agrees to endorse this payment to petitioner's attorney.

**III.   Summary of Recommended Payments Following Judgment**

**A.**       Lump sum paid to petitioner:                                    **$80,000.00**

B.       Reasonable Attorneys' Fees and Costs:                   **$15,000.00**

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Tort Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

 s/ Justine Walters
JUSTINE WALTERS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 307-6393

Dated: February 3, 2015